## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS – BOSTON DIVISION

ROBERT MURRAY
  Plaintiffs

v.

SAMSUNG SDI AMERICA,
SAMSUNG SDI Co., LTD.,
SUNSHINE VAPE, LLC
  Defendant.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. _____

## ORIGINAL COMPLAINT

Plaintiffs file the following Original Complaint and would show this Court as follows:

## PARTIES

1.  Plaintiff, Robert Murray (hereinafter "Plaintiff"), is a resident of the Commonwealth of Massachusetts with an address of 2852 Riverside Ave., Somerset, Bristol County.

2.  Defendant Samsung SDI America (hereinafter "Samsung America") is a corporation organized in the State of California engaged in the business of designing, manufacturing, advertising, assembling, distributing, and selling e-cigarette products including, but not limited, to batteries and maintaining a principal place of business, in California, located at 3655 North First Street, San Jose, California 95134.

3.  Defendant Samsung SDI Co., Ltd. (hereinafter "Samsung Korea") is a Korean corporation engaged in the business of designing, manufacturing, advertising, assembling, distributing, and selling e-cigarette products including, but not limited to, batteries and

maintaining a principal place of business, in South Korea, located at 150-20 Gongse-ro Giheung-gu Yongin, South Korea.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and the amount in controversy exceeds $75,000.

5.      Venue is proper in the District Court of Massachusetts – Boston Division pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to Plaintiffs' claims occurred within this District and Division.

## FACTS

6.      On or about September 2017, the Plaintiff purchased a Samsung e-cigarette battery (hereinafter "Samsung battery").

7.      The Samsung battery was designed, manufactured, wholesaled, distributed, advertised, marketed, sold, and retailed by Defendants, Samsung America and Samsung Korea.

8.      Defendants, Samsung America and Samsung Korea designed, manufactured, wholesaled, distributed, advertised, marketed, sold, and retailed the Samsung battery knowing and expecting that it would be used by consumers and around members of the general public.

9.      The Samsung battery was defective and unreasonably dangerous when designed, manufactured, distributed, sold, and placed into the stream of commerce by Defendants Samsung America and Samsung Korea.

10.     The Samsung battery was designed, manufactured, distributed, sold, and placed into the stream of commerce by Defendants, Samsung America and Samsung Korea with a propensity to unexpectedly explode.

11.     Defendants, Samsung America and Samsung Korea did not provide adequate

warnings, instructions, directions and cautions when it sold the Samsung battery and placed it into the stream of commerce.

12.      On October 31, 2017, the Plaintiff was walking with the Samsung battery in his back pocket when it suddenly exploded and caught his clothing and skin on fire.

13.      The explosion and the Plaintiff's resulting injuries were caused by the defective Samsung battery, as well as the negligence of defendants, Samsung America and Samsung Korea.

14.      As a result of the Samsung battery exploding, the Plaintiff sustained severe, permanent, and disabling injuries, pain, mental anguish, disability and impairment, loss of enjoyment of life, and economic and non-economic losses including medical expenses, lost income, incidental expenses, and other general and special damages.

## COUNT I
## BREACH OF WARRANTY v. SAMSUNG SDI AMERICA

15.      Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 14, inclusive, as though restated herein.

16.      Defendant, Samsung America expressly and impliedly warranted to foreseeable users of the Samsung battery including the Plaintiff that it was merchantable and safe.

17.      The Samsung battery as designed, manufactured, sold, and distributed by Defendant, Samsung America was defective and unreasonably dangerous in that:

     a.      It created foreseeable risks of harm which could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, Samsung America.

     b.      It was composed of inappropriate materials, that rendered the Samsung battery defective and unreasonably dangerous to persons or property.

c.      It had inadequate instructions or warnings.

d.      It created foreseeable risks of harm which could have been reduced or avoided by the provision of reasonable instructions or warnings by Defendant, Samsung America.

e.      It had a propensity to unexpectedly explode.

18.      Defendant, Samsung America knew, or should have known, of Samsung battery's propensity to unexpectedly explode due to previous instances wherein e-cigarette devices, products and batteries exploded.

19.      Based upon the foregoing acts, Defendant, Samsung America breached the implied warranty of merchantability within the scope of Massachusetts General Laws, Chapter 106, Section 2-314.

20.      As a direct and proximate result of Defendant, Samsung America, the Samsung battery un-expectedly exploded while in Plaintiff's pocket causing him serious and permanent injuries.

WHEREFORE, the Plaintiff demands judgment and an award of compensatory damages against Defendant, Samsung America as well as such other relief as this Court deems necessary and proper.

## COUNT II
## BREACH OF WARRANTY v. SAMSUNG SDI CO., LTD

21.      Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 20, inclusive, as though restated herein.

22.      Defendant, Samsung Korea expressly and impliedly warranted to foreseeable users of the Samsung battery including the Plaintiff that it was merchantable and safe.

23.     The Samsung battery as designed, manufactured, sold, and distributed by Defendant, Samsung Korea was defective and unreasonably dangerous in that:

    a.     It created foreseeable risks of harm which could have been reduced or avoided by the adoption of a reasonable alternative design by Defendant, Samsung Korea.

    b.     It was composed of inappropriate materials, that rendered the Samsung battery defective and unreasonably dangerous to persons or property.

    c.     It had inadequate instructions or warnings.

    d.     It created foreseeable risks of harm which could have been reduced or avoided by the provision of reasonable instructions or warnings by Defendant, Samsung Korea.

    e. It had a propensity to unexpectedly explode.

24.     Defendant, Samsung Korea knew, or should have known, of Samsung battery's propensity to unexpectedly explode due to previous instances wherein e-cigarette devices, products and batteries exploded.

25.     Based upon the foregoing acts, Defendant, Samsung Korea breached the implied warranty of merchantability within the scope of Massachusetts General Laws, Chapter 106, Section 2-314.

26.     As a direct and proximate result of Defendant, Samsung Korea, the Samsung battery un-expectedly exploded while in Plaintiff's pocket causing him serious and permanent injuries.

WHEREFORE, the Plaintiff demands judgment and an award of compensatory damages against Defendant, Samsung Korea as well as such other relief as this Court deems necessary and proper.

## COUNT III
## <u>NEGLIGENCE v. SAMSUNG SDI AMERICA</u>

27.     Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 26, inclusive, as though restated herein.

28.     Defendant, Samsung America was negligent and careless with respect to the Plaintiff in that the Samsung battery and/or its component parts were negligently and carelessly developed, designed, manufactured, assembled, inspected, tested, distributed, sold, advertised, marketed and provided with non-existent and/or inadequate warnings and instructions by Defendant Samsung America.

29.     Defendant, Samsung America was negligent and careless in one or more of the following respects:

a.     In the selection, handling, machining, and assembly of improper components of the Samsung battery;

b.     In the inadequate and unsafe material specifications, strength characteristics, and operational integrity of the components of the Samsung battery;

c.     In the inadequate testing and safety engineering of the Samsung battery;

d.     In the inadequate warnings, instructions, directions, and cautions provided/ not provided with the Samsung battery;

e.     In manufacturing the Samsung battery without proper or adequate quality control procedures or checks; and

f.     In failing to warn users and handlers of the Samsung battery of its potential for explosions.

30.     Defendant, Samsung America knew or should have known of the defective and unreasonably dangerous nature and condition of the Samsung battery and/or its component parts.

31.     As a direct and proximate result of Defendant, Samsung America's negligence, as described herein, the Samsung battery unexpectedly exploded while in Plaintiff's pocket, causing him serious and permanent injuries.

WHEREFORE, the Plaintiff demands judgment and an award of compensatory damages against Defendant, Samsung Korea as well as such other relief as this Court deems necessary and proper.

## COUNT IV
## NEGLIGENCE v. SAMSUNG SDI CO., LTD.

32.     Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 31, inclusive, as though restated herein.

33.     Defendant, Samsung Korea was negligent and careless with respect to the Plaintiff in that the Samsung battery and/or its component parts were negligently and carelessly developed, designed, manufactured, assembled, inspected, tested, distributed, sold, advertised, marketed and provided with non-existent and/or inadequate warnings and instructions by Defendant Samsung Korea.

34.     Defendant, Samsung Korea was negligent and careless in one or more of the following respects:

a.     In the selection, handling, machining, and assembly of improper components of the Samsung battery;

b.     In the inadequate and unsafe material specifications, strength characteristics, and operational integrity of the components of the Samsung battery;

c.     In the inadequate testing and safety engineering of the Samsung battery;

d.     In the inadequate warnings, instructions, directions, and cautions provided/ not provided with the Samsung battery;

e.      In manufacturing the Samsung battery without proper or adequate quality control procedures or checks; and

f.      In failing to warn users and handlers of the Samsung battery of its potential for explosions.

35.     Defendant, Samsung Korea knew or should have known of the defective and unreasonably dangerous nature and condition of the Samsung battery and/or its component parts.

36.     As a direct and proximate result of Defendant, Samsung Korea's negligence, as described herein, the Samsung battery unexpectedly exploded while in Plaintiff's pocket, causing him serious and permanent injuries.

WHEREFORE, the Plaintiff demands judgment and an award of compensatory damages against Defendant, Samsung Korea as well as such other relief as this Court deems necessary and proper.

## COUNT V
## M.G.L. c.93A v. SAMSUNG SDI AMERICA

37.     Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 36, inclusive, as though restated herein.

38.     Defendant, Samsung America's breaches of express and implied warranties, sale of defective product and negligence as stated herein constitute unfair and deceptive acts and practices in violation of M.G.L. c. 93A s. 2.

39.     Prior to releasing the Samsung battery into the stream of commerce, Defendant, Samsung America had actual knowledge of its defective and dangerous condition.

40.     As a direct and proximate result of violations of M.G.L. c.93A, as stated herein, the Plaintiff sustained serious and permanent injuries.

41.     On September 22, 2020, the Plaintiff served a written demand for relief in accordance with M.G.L. c.93A s. 9(3) to Defendant, Samsung America addressing the claims asserted herein.  A copy of the Demand Letter and proof of delivery is attached hereto as **Exhibit 'A'.**

42.     On October 15, 2020, Defendant, Samsung America served a correspondence upon the Plaintiff refusing to tender any offer of settlement.

43.     Defendant, Samsung America's violation of M.G.L. c.93A was knowing and willful.

WHEREFORE, Plaintiff demands judgment against the Defendant, Samsung America in full, fair and adequate amount, plus interest, costs and reasonable attorney's fees.  In addition, Plaintiff seeks multiple damages for Defendant, Samsung America's knowing and/or willful violation of M.G.L. c.93A and for its failure to tender a reasonable offer of settlement following Plaintiff's demand for relief.

## COUNT VI
## M.G.L. c.93A v. SAMSUNG SDI CO., LTD.

44.     Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 43, inclusive, as though restated herein.

45.     Defendant, Samsung Korea's breaches of express and implied warranties, sale of defective product and negligence as stated herein constitute unfair and deceptive acts and practices in violation of M.G.L. c. 93A s. 2.

46.     Prior to releasing the Samsung battery into the stream of commerce, Defendant, Samsung Korea had actual knowledge of its defective and dangerous condition.

47.     As a direct and proximate result of violations of M.G.L. c.93A, as stated herein, the Plaintiff sustained serious and permanent injuries.

48.     On September 25, 2020, the Plaintiff served a written demand for relief in accordance with M.G.L. c.93A s. 9(3) to Defendant, Samsung Korea addressing the claims asserted herein.  A copy of the Demand Letter and proof of delivery is attached hereto as **Exhibit 'A'.**

49.     On October 15, 2020, Defendant, Samsung Korea served a correspondence upon the Plaintiff refusing to tender any offer of settlement.

50.     Defendant, Samsung Korea's violation of M.G.L. c.93A was knowing and willful.

WHEREFORE, Plaintiff demands judgment against the Defendant, Samsung Korea in full, fair and adequate amount, plus interest, costs and reasonable attorney's fees.  In addition, Plaintiff seeks multiple damages for Defendant, Samsung Korea's knowing and/or willful violation of M.G.L. c.93A and for its failure to tender a reasonable offer of settlement following Plaintiff's demand for relief.

## JURY DEMAND

Pursuant to Rule 38, The Plaintiffs demand a jury trial on all counts of this matter.

Respectfully submitted,

The Plaintiff, Robert Murray
By his attorneys,

/S/ _____
Andrew D. Nebenzahl, BBO# 368065
anebenzahl@neblawgroup.com
Aimée M. Goulding, BBO# 654341
agoulding@neblawgroup.com
Carly J. LaCrosse, BBO# 705555
The Nebenzahl Law Group, PC
One Post Office Square
Sharon, MA 02067
Tel: (781) 784-2000

Dated:  October 23, 2020



THE
NEBENZAHL
LAW GROUP, P.C.

Andrew D. Nebenzahl
781-327-1920 Direct
anebenzahl@neblawgroup.com

Samsung SDI America
3655 North First Street
San Jose, CA 95134

Samsung SDI Co., Ltd.
150-20 Gongse-ro
Giheung-gu Yongin, South Korea

RE:  My client:      Robert Murray
     D.O.L.:         October 31, 2017

Dear Sir/ Madam:

Please be advised that I represent Mr. Robert Murray with regard to injuries he sustained by the explosion of his electronic cigarette battery.  Mr. Murray purchased a Samsung e-cigarette battery at Sunshine Vape, LLC at 2699 Post Road in Warwick, RI in September of 2017.  Thereafter, on October 31, 2017, Mr. Murray was walking with his Samsung e-cigarette battery when it exploded in his back pocket, causing severe permanent burn injuries, nerve damage, anxiety and sadness.  (See Ex. A:  Dr. Whitelaw's Report)

On behalf of Mr. Murray, I am writing pursuant to Massachusetts General Laws, Chapter 93A, Section 9 to formally demand relief on account of unfair and deceptive acts or practices committed by Samsung SDI Co., Ltd. in connection with its manufacture, wholesale, distribution, and/or retail of the e-cigarette/battery sold to Mr. Murray.  More specifically, Mr. Murray is seeking redress for breach of warranty, negligence and, in turn, violation of the Massachusetts Consumer Protection Statute, M.G.L. c.93A, s.2 and s.9.  This is a clear and unequivocal opportunity for you to resolve all of Mr. Murry's claims.

Massachusetts' product liability law is based on breach of the implied warranty of merchantability.  The warranty requires every product to be safe for the ordinary purpose for which the product is sold, including all uses that are reasonably foreseeable.  See M.G.L. c. 106 s.2-314.  The warranty cannot be excluded, limited, or modified with respect o injury to the

Samsung SDI Co., Ltd.
September 15, 2020
2 | P a g e

person.  See M.G.L. c.106 s. 2-316A.  A breach of the warranty of merchantability constitutes an unfair and deceptive act or practice in violation of G.L. c.93A, and s.9.  *Maillet v. ATF-Davidson Co., Inc.*, 407 Mass. 185, 193 (1990).  *See also* 940 Code Mass. Regs. s. 3.08(2) ("[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty.")  "Neither intent to engage in an unlawful act nor knowledge of its unlawfulness is required in order to establish liability."  *Linthicum v. Archambault*, 379 Mass. 381, 388 n. 12 (1979).

## THE INCIDENT

Mr. Murray is a thirty-nine (39) year old man who lives in Somerset, Massachusetts.  On October 31, 2017, Mr. Murray was walking towards his car with his Samsung e-cigarette battery in his back pocket when suddenly it exploded causing his pants to catch on fire and significantly burn his body. (See Exhibit B:  Photographs)

Mr. Murray attempted to "stop, drop and roll" to extinguish the flames but that was ineffectual.  Thus he had to remove his pants to get the flames off his body.  Mr. Murray was then transported to Charlton Memorial Hospital-Emergency Room where he was treated for severe burns including third degree burns.  The burns were located on his leg, back and hand.  The burns on his left upper leg appeared to be black, pale and waxy.  The burn area on the lateral aspect of the left thigh was partially charred but mostly pale and waxy with decreased sensation on Mr. Murray's skin.  The surrounding area was warm and erythematous with some blistering.  There was also burns on the dorsal aspect of Mr. Murray's left hand involving the thumb and index finger.  Mr. Murray's burns were cleansed and dressed, and he was treated with narcotic pain medication. (See Ex. C:  Charlton Memorial Hospital Records).

On November 3, 2017, Mr. Murray presented to Charlton Memorial Hospital for burn re-evaluation.  At that time, it was noted that Mr. Murray's burns involved 10-19% of his body surface.  He was treated with antibiotics and pain medications and provided a referral to a plastic surgeon.  Mr. Murray followed his doctor's instructions and followed up at Plastic Surgery of New England on November 9, 2017.  He continued to follow up with the plastic surgeon and burn specialists for months enduring painful debridement on multiple occasions, and weekly cleansing and dressing of his wounds.  (See Ex. D: Plastic Surgery of New England Records & Ex. E: Dr. Joseph Doerr's Records).

Due to the immense physical pain and emotional trauma of the incident, in January of 2018, Mr. Murray began psychotherapy treatment with Jacqueline Meszaros, LMHC and Lorrie MacDonald, CNP to help him develop coping skills and emotional resilience associated with his feelings of loss and helplessness related to the incident and his resulting injuries.  Some of his emotional trauma was due to pain associated with wearing clothing as it rubbed up against his wounds; his inability to sleep or rest due to the pain; his inability to work because he was unable to wear pants, or to sit or stand for an extended period of time; his general lack of energy due to his pain and his feelings of sadness related to the changes in his life associated with the burns, including his inability to work; and also his inability to perform activities of daily living on his

Samsung SDI Co., Ltd.
September 15, 2020
3 | Page

own or socialize with his family and friends. Additionally, he was dealing with traumatic memories of the incident, anxiety and nightmares. He was prescribed Lexapro and Prazosin to help with his psychological and emotional symptoms. Mr. Murray continues undergo psychotherapy treatment for his injuries related to the October 31, 2017 burn incident. (Ex. F: Jacqueline Meszaros. LMHC records & Ex. G.: Lorrie MacDonald, CNP records).

In July of 2018, due to excruciating nerve pain from the burns, Mr. Murray was prescribed Neurontin and referred to Bay State Physical Therapy where he treated twice a week for four months. The physical therapy was meant to reduce his pain associated with nerve damage from the burns. He was discharged in November of 2018 as having reached a medical end result despite continued symptoms.

In total, Mr. Murray received medical treatment for over a year and has been receiving psychotherapy treatment from January 2018 to the present. His medical and therapy bills are in excess of $25,000.00. Additionally, Mr. Murray lost his job because of his injuries and frequent need for medical treatment. Thus, he has sustained over $35,000.00 in lost wages.

## CAUSATION

Causation is clear. Namely the e-cigarette/ battery and related parts exploded without warning, rendering the products defective and unreasonably dangerous and thereby breaching the warranty of merchantability, and subjecting you to liability under Chapter 93A. This defect caused Mr. Murray's lasting injuries.

## RELATED VERDICTS

Juries understand the severe pain and life-long mental and physical issues experienced by burn victims, and will be eager to express their dissatisfaction with those who manufacture and sell unsafe products in the form of significant damages:

a. *Ries et. al. Zolghadr d/b/a VapCigs, et. al.* (2015) – Riverside County, CA – Plaintiff, 28, non-profit activist, suffered second-degree burns to her hands, buttocks and left upper leg when her e-cigarette battery exploded. Plaintiff's injuries were treated initially at Willow Urgent Care Center where she underwent irrigation and debridement. The following day, Plaintiff presented to UC Irvine Burn Center for additional treatments, which lasted throughout the following month. Plaintiff claimed PTSD and that she was unable to enjoy the same level of outdoor activities. Defendants initially denied the battery was defectively designed by admitted liability before a jury was empaneled. Verdict – Future medical: $30,000.00: Further pain and suffering: $215,000; Past pain and suffering: $1,640,000; Total Damages: $1,885,000.

b. *Hoce v. R-L Sales LLC, et al.* (2016) – Alachua County, FL – Plaintiff, 34 was using his e-cigarette when the batter exploded. Plaintiff was transported to the emergency room with first degree burns, chipped and broken teeth, and lacerations/ bleeding in

his mouth.  Plaintiff was treated in the hospital for two nights.  Plaintiff claimed difficulty eating and speaking, loss of enjoyment and permanent facial disfigurement. Defendant asserted numerous defenses, including alteration after sale, improper storage, and usage with an unapproved charger.  Defendant claimed Plaintiff was aware of the battery's internal damage but continued to use the battery anyway. Defendant also argued Plaintiff only suffered moderate pain, had not required prescription pain medication, and was neither disabled nor permanently disfigured. Defendant stressed that Plaintiff made no claim for lost wages and was not prevented from taking part in any activity.  Defendant claimed future dental work was necessitated due to prior tooth decay, not the subject incident.  Verdict – Past medical: $27,800; Future medical: $20,000; Pain and suffering: $2,000,000; total damages: $2,047,800.00

### DAMAGES

A severe burn can be one of the most painful injuries a human body can suffer, both physically and emotionally.  Due to the explosion, Mr. Murray was first subjected to sustained physical pain and suffering while his skin healed requiring debridement on multiple occasions, regular wound dressing, pain medications and antibiotics.  As his skin healed it became clear it would remain scarred for the rest of his life.  Furthermore, the burns caused nerve injuries which were marked with both loss of sensation and severe pain requiring physical therapy, which helped but did not cure his problems.  Additionally, the mental anguish he has gone through has required psychotherapy for years and that he continues to undergo.  There is no doubt Mr. Murray has sustained excruciating and permanent injuries.  These injuries have cost him his employment as well.

Given the significant pain and suffering, medical expenses, permanent scarring, and wage loss, Mr. Murray will receive well in excess of $1,000,000.00 at trial.  Samsung, SDI, Co., Ltd may now resolve all claims by Mr. Murray for a payment of $1,000,000.00.

### THE MASSACHUSETTS CONSUMER PROTECTION STATUTE

Massachusetts General Laws, Chapter 93A, subjects the defendant at a minimum to compensatory damages and attorney's fees and costs. *See barron v. Fid Magellan Fund*, 57 Mass.App.Ct. 507, 516 (2003)(stating that it is "the unambiguous language of the statute [that] attorney's fees may be recoverable if they were incurred in connection with an action commenced under c.93A, s.9).

In addition, the statue allows for potential exposure for double or treble damages when either the defendant's original action is determined to be willful or knowing, or, where the defendant fails to respond to a demand within thirty (30) days with a reasonable tender of settlement, despite having reason to know that it had violated Chapter 93A.  The first prong of the remedial scheme seeks to deter "callous and intentional violations of the law," while the second prong seeks to promote pre-litigation settlements by making it unprofitable for a

Samsung SDI Co., Ltd.
September 15, 2020
5 | Page

respondent to ignore a demand letter or to bargain in bad faith with a claimant as to that demand letter. *See Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 627 (1978).

Here, the original violation, breach of the warranty of merchantability, is apparent. Samsung SDI Co., Ltd is in a position in which it knows or has reason to know that it has violated Chapter 93A. As such, Samsung SDI Co., Ltd. can only avoid exposure to multiple damages by providing a reasonable written offer of settlement within (30) days.

If we do not hear from you or otherwise resolve this claim within thirty days we will be forced to file suit against you in the Massachusetts Superior Court and seek relief and multiple damages under Massachusetts General Laws, Chapter 93A.

Kindly refer this to your legal representative to discuss resolution of Mr. Murray's claims.

Very truly yours,

Andrew D. Nebenzahl

ADN/
Enclosures

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 9534910548220259513980

Remove ✕

Your item was delivered at 9:35 am on September 22, 2020 in SAN JOSE, CA 95134. The item was signed for J WALKER.

 **Delivered**

September 22, 2020 at 9:35 am
Delivered
SAN JOSE, CA 95134

**Get Updates** ⌄

Feedback

**See More** ⌄

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

 **aftership**                                                          

📧  Korea Post EMS    Contact                          Copy link   Copy result   Share

RH002426428US  📋

# Delivered (2 Days)
Delivery date: Sep 25, 2020 (Fri)



**Shipment progress** (in courier's local time)

● Sep 25 2020 10:18 am
   **Delivery complete**
   YONG IN

○ Sep 25 2020 08:19 am
   **Delivery preparation**
   YONG IN

   Sep 24 2020 08:56 am
   **Arrival at inward office of exchange**
   INTERNATIONAL POST OFFICE



Contact us